**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Brady Craig Koch, Jr. v. The State of Texas

Appellate case number:     01-14-00248-CR

Trial court case number:    1861254

Trial court:                County Criminal Court at Law No. 5 of Harris County

The clerk's record was filed in the above-referenced appeal on April 2, 2014, and because appellant had failed to provide proof of indigence or payment for the reporter's record by May 24, 2014, this Court issued an order on September 25, 2014, that the Court would only consider and decide those issues or points that do not require a reporter's record for a decision. In that September 25th Order, we also ordered appellant to file a brief within 30 days of the Order. Because appellant failed to timely file a brief by October 27, 2014, the Clerk of this Court sent a late brief notice on November 4, 2014, notifying appellant's counsel that this case would be abated for a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), if his brief and extension motion were not filed within 10 days of that notice. Nevertheless, appellant's appointed counsel, Emily Munoz-Detoto, has not timely filed a brief or extension request on appellant's behalf.

We therefore abate this appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Emily Munoz-Detoto, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or

The trial court shall have a court reporter record the hearing.  The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute this appeal;
(2) if appellant does wish to prosecute this appeal, determine whether counsel , Emily Munoz-Detoto has abandoned this appeal;
(3) if counsel Emily Munoz-Detoto has not abandoned this appeal:
   a.   inquire of counsel the reasons, if any, that she has failed to file a brief on appellant's behalf; and
   b.   set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;
(4) if Emily Munoz-Detoto has abandoned this appeal, enter a written order relieving Emily Munoz-Detoto of her duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:
   a.   if appellant is still indigent, appoint substitute appellate counsel at no expense to appellant;
   b.   if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing; or,
      ii. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney;
(5) make any other findings and recommendations the trial court deems appropriate; and
(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2013); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

---

heard by the trial court or the attorney representing the State.

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of the hearing.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so **ORDERED**.

Judge's signature: /s/ Evelyn V. Keyes
                ☒ Acting individually     ☐ Acting for the Court

Date: November 20, 2014